# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDDIE GRIFFIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16−cv−1212−SMY |
| ) | |
| **STATE OF ILLINOIS,** ) | |
| **VIENNA CORRECTIONAL CENTER,** ) | |
| **JOHN BALDWIN,** ) | |
| **JEANNE CAMPANELLA, and** ) | |
| **COATS** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Eddie Griffin, a former inmate of Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests compensatory damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. This action is subject to summary dismissal.

## The Complaint

Plaintiff makes a variety of unrelated allegations in his Complaint. Specifically, he alleges that Vienna Correctional Center is overcrowded and that the toilet facilities are inadequate. (Doc. 1, pp. 8-9). He further alleges that cell conditions are poor (Doc. 1, pp. 8, 10, 13), that it is understaffed and the staff has poor attitudes (Doc. 1, p. 8), that the staff is racist (Doc. 1, p. 9) and that the food is bad and aggravates Plaintiff's health conditions. *Id.* He did not receive treatment for his Hepatitis C. (Doc. 1, p. 10). Internal Affairs allegedly told others that Plaintiff was a gang banger, when he is not. (Doc. 1, p. 12). Prisoners are not given adequate cash allowances and clothing when released from prison. *Id.*

On July 4, 2016, Plaintiff got into an argument with his cellmate, Harry Hunter, a 32 year old inmate. (Doc. 1, p. 21). Plaintiff is 65 years old. *Id.*. Defendant Coats responded to the cell and told the prisoners that he would not call the lieutenant until he saw blood. *Id.* Hunter then jumped Plaintiff from behind, threw him into the bed, threw him into the toilet and kicked and stomped him. *Id.* Hunter then ran into the day room where Coats was standing. *Id.* Plaintiff got

a shower brush and followed. *Id.* He hit Hunter once with the shower brush and Coats stepped between Plaintiff and Hunter. *Id.* Plaintiff was taken to the emergency room for his injuries. (Doc. 1, p. 22). He subsequently received a bill for his treatment, which he alleges IDOC should pay because he was in their care at the time of the fight. *Id.* Plaintiff continues to suffer aches and pains from the fight. *Id.*

## Discussion

Plaintiff's Complaint will be dismissed as a sanction for making a material omission to the Court. Plaintiff used this Court's standard form to draft his Complaint. Section 2 asks about any other lawsuits Plaintiff has filed regarding his imprisonment. Plaintiff checked the "no" box on the form and affirmatively answered that he had not filed any previous lawsuits to each subsequent question in this section. This assertion is patently false. According to the PACER case locator system, Plaintiff has filed four other lawsuits in the district courts (1:1993-cv-1171), (1:2015-cv-8039), (1:2016-cv-5124), (1:2016-cv-10922) and appealed to the Seventh Circuit once (16-2472). Additionally, Plaintiff has been assessed strikes for filing frivolous lawsuits in Case No. 16-cv-5124 (N.D. Ill. May 25, 2016) and Case No. 15-8039 (N.D. Ill. October 20, 2015).

The Seventh Circuit has found dismissal appropriate when an inmate plaintiff fails to disclose his litigation history. *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011); *Willis v. State of Illinois*, No. 15-C-1332, (N.D. Ill. Feb. 23, 2015) *aff'd Willis v. State of Illinois*, No. 15-1735, (7th Cir. July 17, 2015). Here, because Plaintiff failed to disclose his litigation history and in fact affirmatively stated that he had no litigation history, his case will be dismissed. Plaintiff's omission is particularly egregious in light of his strikes. The fact that Plaintiff has been assessed two strikes in the past suggests that the omission is not in good faith and that Plaintiff is

deliberately attempting to mislead the Court.  The Court also notes that both strikes occurred relatively recently, making it unlikely that Plaintiff failed to remember them.  In light of Plaintiff's bad faith, a severe sanction is justified.  Accordingly, Plaintiff's case shall be **DISMISSED with prejudice**.

### Pending Motions

Plaintiff has two pending motions.  His first Motion requests counsel, (Doc. 3), and his second requests "to add on to Complaint." (Doc. 7).  The Court **DENIES** both motions as **MOOT** because this case will be closed.

### Disposition

This case is **DISMISSED with prejudice** as a sanction because Plaintiff has attempted to mislead the Court by misrepresenting his litigation history.

**IT IS SO ORDERED.**

**DATED: January 12, 2017**

s/STACI M.YANDLE
**STACI M. YANDLE**
**United States District Judge**
